UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOSE ORTIZ,

                    Petitioner,

    -against-

IMMIGRATION AND NATURALIZATION
SERVICES; JANET RENO; U.S. Attorney,
Washington; EDWARD J. McELROY, Director
Immigration and Naturalization Service,
New York,

                    Respondents.
------------------------------------------------------------------x

<u>MEMORANDUM DECISION
AND ORDER</u>
00 CV 7604 (GBD)

GEORGE B. DANIELS, District Judge:

      Petitioner, a native of the Dominican Republic who came to the United States in 1965 as a lawful permanent resident, filed a habeas petition, pursuant to 28 U.S.C. § 2241, seeking review of a final order of removal.

      The newly enacted REAL ID Act of 2005 requires that actions challenging administrative orders of removal or deportation, pending in the district court as of May 11, 2005, be transferred to the appropriate Court of Appeals. However, petitioner's habeas corpus petition warrants dismissal, rather than transfer.[1]

      Petitioner has a long and extensive criminal record, beginning in 1977, with dozens of serious criminal convictions. In 1996, petitioner was convicted of criminal sale of a controlled substance in the second degree and was sentenced to a term of imprisonment of one to three

---

[1] Magistrate Judge Henry Pitman issued a Report and Recommendation wherein he recommended that this matter be transferred as a Petition for Review to the United States Court of Appeals for the Second Circuit. For the reasons stated herein, that recommendation is not adopted.

years. While petitioner was serving a subsequent term of imprisonment of four to eight years for a 1998 drug conviction, the Immigration and Naturalization Service ("INS") commenced removal proceedings based upon his 1996 conviction, pursuant to 8 U.S.C. § 1227(a)(2(A)(iii), (B)(i), alleging petitioner was an alien convicted of a controlled substance offense and an aggravated felony.

At a hearing before an immigration judge ("IJ"), petitioner argued that he was a United States citizen because he derived citizenship through his mother who he claimed was born in Puerto Rico. Petitioner also argued that citizenship was conferred upon him as a result of his service in the United States army. The IJ determined that plaintiff had failed to demonstrate he was a United States citizen, and the IJ therefore ordered petitioner removed to the Dominican Republic.

Petitioner appealed the IJ's determination to the Board of Immigration Appeals ("BIA") where he then claimed he derived his citizenship through his grandmother. Petitioner alleged his grandmother was a United States citizen by birth and that she adopted petitioner when he was six months old. The BIA dismissed the appeal on the grounds that petitioner had failed to submit any evidence to prove a claim of derivative citizenship. Accordingly, the BIA again ordered petitioner removed to the Dominican Republic.

Petitioner was statutorily required to file a habeas petition for review no later than thirty days after the date of the final order of removal. 8 U.S.C. § 1252(b)(1). He filed the instant petition, reiterating his citizenship claims, fifty-nine days after the final order of removal, well after the thirty-day deadline. When the petition failed to contain sufficient allegations to support the claims asserted therein, petitioner was granted leave by the district court to file an amended

2

petition, despite the fact that the petition was untimely. Petitioner subsequently filed an amended petition. At no time in these proceedings did petitioner request a stay of removal. He was thereafter removed to the Dominican Republic.

Since the petitioner raises nationality claims, he was required to file the petition, in the first instance, with the Second Circuit Court of Appeals. 8 U.S.C. § 1252(b)(2), (5). Having failed to do so, this Court, regardless of the applicability of the REAL ID Act, lacked jurisdiction to entertain petitioner's citizenship claims. See, Giap v. INS, 311 F.Supp.2d 438, 440 (S.D.N.Y. 2004); Edwards v. INS, 2004 WL 315233, at *1 (E.D.N.Y. Feb. 17, 2004); Marino Cabreja v. U.S. INS, 2003 WL 22697957, at *3 (S.D.N.Y. Nov. 3, 2003); Rodriguez v. Ashcroft, 2003 WL 42018, at *4 (S.D.N.Y. Jan.6, 2003); Maragh v. Girdich, 2003 WL 18484, *5 (S.D.N.Y. Jan. 2, 2003); Alvarez-Garcia v. U.S. INS, 234 F.Supp.2d 283, 289 (S.D.N.Y. 2002). "The sole and exclusive avenue for review of a claim of nationality is by direct petition for review to the United States Court of Appeals for the Second Circuit." Alvarez-Garcia, 234 F.Supp.2d at 289. A petition wrongfully filed in the district court must either be dismissed or transferred to the appropriate Court of Appeals. 28 U.S.C. § 1631; Alvarez-Garcia, 234 F.Supp.2d at 290. Transfer, as oppose to dismissal of the action, is appropriate where: (1) the transferee court would have had jurisdiction at the time the action was filed; and (2) and the transfer "is in the interest of justice." 28 U.S.C. § 1631.

With regard to the first prong, since petitioner did not timely commence this habeas action the Second Circuit was deprived of jurisdiction. "[C]ompliance with the time limitation for filing a petition to review the BIA's final order is a strict jurisdictional prerequisite." Malvoisin v. INS, 268 F.3d 74, 75 (2d Cir. 2001) (citations omitted). An untimely filing will

3

deprive the Court of Appeals of jurisdiction to consider the petition. Malvoisin, 268 F.3d at 75-76. Transfer to the Court of Appeals is inappropriate where the habeas petition was filed after the thirty-day time limitation. Edwards, 2004 WL 315233, at *2.

Nor would it be in the interest of justice to transfer this time-barred habeas petition to the Second Circuit since the claims clearly lack merit. See, Marino Cabreja, 2003 WL 22697957, at *2. The record here is barren of any evidence to substantiate petitioner's conclusory allegations in his amended petition of derivative citizenship. Additionally, notwithstanding petitioner's contentions to the contrary, one's military service does not confer citizenship. See, Reyes-Alcaraz v. Ashcroft, 363 F.3d 937 (9th Cir. 2004); Gomez v. Bureau of Immigration & Customs Enforcement's Interim Field Office Director, 315 F.Supp.2d 630, 635-36 (M.D.Pa. 2004). Furthermore, petitioner has already been deported as a result of his conviction to an aggravated felony. Since petitioner has failed to provide the Court with a means to communicate with him, it cannot be ascertained that petitioner intends to pursue this matter. See generally, Ramirez v. INS, 86 F.Supp.2d 301, 304 (S.D.N.Y. 2000) ("It makes little sense [ ] to adjudicate the petition in petitioner's absence where there is no way to contact the petitioner.") Given the foregoing, transfer of this matter would not serve the interests of justice. See, Maragh, 2003 WL 18484, at *5 (transfer unwarranted where, inter alia, petitioner's whereabouts were unknown because he had already been removed from the United States, there is no allegation that petitioner had made an application for citizenship, and his claim to citizenship itself lacked merit).

Petitioner commenced this action prior to the effective date of the REAL ID Act. Prior to the REAL ID Act taking effect, a transfer of this action to the Second Circuit was precluded and the petition warranted dismissal. Under the circumstances of this case, transfer of this action to

4

the Second Circuit for judicial review, pursuant to the REAL ID Act, is inappropriate since petitioner is not entitled to further review as a result of his untimely filing of a meritless petition.

Accordingly, the petition is hereby dismissed.

Dated: New York, New York
July 21, 2005

SO ORDERED:

_George B. Daniels_
GEORGE B. DANIELS
United States District Judge